# Richmond.

## FITZPATRICK *v.* KIRBY.

### FEBRUARY 18th, 1886.

1. CONSTITUTION—*Judgeships— Vacancies—Elections.*—Joint resolution
   of December 18, 1872, providing that "All elections by the general
   assembly to fill vacancies in the office of judge shall be for the unex-
   pired term of his predecessor," is constitutional, and is the settled
   law on the subject. *Burks* v. *Hinton,* 76 Va. 1.
2. IDEM—*Case at bar.*—In 1876 B. was elected judge of N. county to
   fill the vacancy in his predecessor's term, which expired 31 Decem-
   ber, 1879. In 1879 K. was elected for the regular term, which began
   January 1, 1880, and expired 31 December, 1885. But, under
   *ex parte Meredith,* in 1880, B. demanded the judgeship of K. on the
   ground that he had been elected for a full term which expired 31
   December, 1882, and K. yielded. In 1882 K. was again elected
   judge, and entered upon his duties January 1, 1883. This election
   was under *ex parte Meredith,* and K. was expected to hold until
   31 December, 1888. Under *Burks* v. *Hinton,* P. was elected to
   said judgeship for a term of six years, to begin 1st January, 1886.
   K. refusing to surrender the office, P. applies for a writ of *man-
   damus.*

HELD :
   1. Under the law, as judicially interpreted in *Burks* v. *Hinton,* K.
      was entitled to hold the office until December 31, 1885, but the
      term having expired, he has no right now to the office.
   2. P. having been elected to hold the office for a term to begin Jan-
      uary 1, 1886, and having qualified, is entitled to the writ of *man-
      damus.*

Upon petition of Thomas P. Fitzpatrick presented January
8, 1886, representing that he had been, in December, 1885,
duly elected county judge of Nelson county, for six years from

January 1, 1886, but that J. L. S. Kirby, his predecessor, refused to surrender the office, and praying for writ of *mandamus.*

Opinion states the case.

*John H. Guy*, for the petitioner.

*F. S. Blair* and *Camm Patteson*, for respondent.

LACY, J., delivered the opinion of the court.

This is a contest between Thomas P. Fitzpatrick, of the county of Nelson, and J. L. S. Kirby, of the same county, concerning the county judgeship of that county. The petitioner prays the peremptory writ of *mandamus* from this court, requiring the respondent, J. L. S. Kirby, to deliver up to the petitioner, Thomas P. Fitzpatrick, the said office of county judge of Nelson county, to which he has been duly elected and qualified.

The case is as follows: On the 27th day of March, 1876, a vacancy occurred in the office of county judge of Nelson county, when J. T. Brown was elected to fill the vacancy thus occurring in the said office, and entered upon the discharge of the duties of the office. In 1879 J. L. S. Kirby was elected by the legislature judge of the said county, for the next term commencing January 1, 1880. The constitution of this State prescribes a term of six years for county judges. The preceding term commenced on the first day of January, 1874, and was held in part by one judge, when a vacancy occurring, the residue of of the term was filled by another; the said term of six years expired on the 31st day of December, 1879.

The said J. L. S. Kirby was duly commissioned, and qualified, and entered upon the discharge of the duties of his office

for the said constitutional term of six years, from the first day of January, 1880, to the first day of January, 1886, when the legislature, by election in the prescribed mode, elected the the petitioner, Thomas P. Fitzpatrick, judge of the said county for the term commencing January 1, 1886, and ending December 31, 1891, and he has been duly commissioned and qualified.

The respondent, Kirby, bases his right to continue to hold the office, under the fact that, during the year 1880, the first year of his term, his predecessor, J. T. Brown, demanded of him that he should vacate the bench and surrender his office to him, upon the ground that the said J. T. Brown had been elected in 1876, not for the unexpired term of his predecessor, but for the full constitutional term of six years, commencing at the time of his election, which period of six years had not then expired, and did not expire, until 1882. And that he then surrendered his office, when the said J. T. Brown entered upon the discharge of the duties thereof, and so continued until 1882, when the legislature again elected the respondent judge of said county, and he contends that his term, under the constitution, was six years from this second election. The question of the judicial term, where judges have been elected under this constitution to fill vacancies occurring during a term, has been the subject of consideration and decision in this court. And the cases decided concerning that question are familiar to the profession.

The constitution provides (Art. V, sec. 22): That the manner of filling vacancies in office, in cases not specially provided by the constitution, shall be prescribed by law. In pursuance of this provision of the constitution, there being no special provision, as to the vacancies occurring in the office of judge, made by the constitution, on the 18th of December, 1872 (see Acts of Assembly, 1872–3, page 1), the general assembly of Virginia

passed the following joint resolution, which was approved by the governor, and has the force of law: "That all elections by the general assembly to fill vacancies in the office of judge shall be only for the unexpired term of his predecessor"—a question arising under this joint resolution as to the term of office of a judge of this court, in the case of *Burks* v. *Hinton,* reported in 77 Va. Rep., p. 1. This act of the legislature was declared to be constitutional, valid and binding, and a judge of this court, elected to fill a vacancy, in the year 1876, was declared to be entitled to hold his office, under the terms of the said act, only for the unexpired term of his predecessor, which ended on the 31st day of December, 1882. This case was decided after the fullest argument, and upon the maturest reflection and consideration, and we think correctly expounded the law upon the subject. The legislature had before that time, after full argument and much consideration, adopted a resolution to the same effect. And the same conclusion has been adopted and acted on by the legislature since that time; and that conclusion has been accepted and acted on by all persons, and is the settled law upon this subject, which cannot be now disturbed for any case of personal hardship, real or imaginary.

By this construction of the law, the respondent's term of office of six years has expired, having commenced January 1, 1880, and ended December 31, 1885, and he is no longer the judge of the county court of Nelson county. But the respondent insists that the foregoing construction does not apply to him, because he was ousted of a part of his term.

How was he ousted? Mr. J. T. Brown called upon him to surrender his office upon the ground that this court had decided the question adversely to him in the case known in this court as *ex parte Meredith,* and he complied with the demand thus made upon him; that is, he and his competitor accepted the decision in *ex parte Meredith,* 33 Gratt 119, as conclusive of

their dispute. The case of *ex parte Meredith* had decided that the joint resolution of December 18, 1872, *supra*, was in violation of the spirit of the constitution, and was unconstitutional and void, and that judges in this State (that act and the twenty-second section of Article V, to the contrary notwithstanding) could· be elected only for the full term when elected to fill vacancies occurring in such offices.

This case was decided in April, 1880; was decided by a divided court, and without argument on the losing side. Whereas, the same court had, on the 19th of February, 1880, all the judges concurring, and upon the fullest argument, decided the case of *in re Broadus*, 32 Gratt 779, in which the terms of county court judges had come in review, and in which this court had said, speaking on 19th of February, 1880: "The last term of six years of the county court judges of the State commenced on the first day of January, 1874, and ended on the last day of December, 1879." "Now, here is a case in which all the county judgeships of the State became vacant on the first day of January, 1880, and the duty of filling vacancies by new elections devolved upon the legislature, which was then in session."

And again: "The election of judges of the county courts for the term of six years, which commenced on the first day of January, 1880, devolved on the present legislature, which certainly entered upon the discharge of that duty in due time. Some, and perhaps many, of these judges were elected and qualified before the first day of January last, *and no question has been raised, nor, I presume, can be raised,* as to the legality or regularity of their appointment."

But respondent claims to have yielded his office up upon the supposed force of *ex parte Meredith*, which had been then decided. But as we have said, this decision was only argued on the winning side, and was decided by a divided court, and

was contrary in spirit and effect to a then recent decision of the same court. For, how could the cited language *in re Broadus*, held by the unanimous court in a case fully and ably argued on both sides, be reconciled with the decision which held that some of the county judges were possessed of terms which did not expire January 1, 1880. The respondent was elected December, 1879. Of him then this court had said: "*No question could be raised*" concerning his right to his office, yet he yielded to the force of one case and declined to test his rights under the other. Whatever might have been his fate in such a contest, *ex parte Meredith* was not acquiesced in, but was subsequently assailed, and has been overruled. Whatever may have been the rights of respondent pending his constitutional term, that term having expired, if the decision of this court in *Burks* v. *Hinton* is to stand, he has no rights in the office now, another term having commenced and the office having been filled by the legislature in the mode prescribed, and the petitioner having duly qualified within the time prescribed by law, the said petitioner is entitled to the office he seeks, and the writ prayed for must issue.

The question for us to determine in this controversy is, What is the law of this State upon this subject now? The law is, as was held in *Burks* v. *Hinton*, and in our opinion the law was the same in 1880, on this subject, and the respondent having surrendered a part of his term, and afterwards filling the residue, there is no way that this court can compensate him for what he has lost. His term of office has expired, and his rights cease. The petitioner is the rightful judge of Nelson county, and upon his petition the writ of *mandamus* must issue in due form.

LEWIS, P., DISSENTED.

MANDAMUS AWARDED.